# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 10-CR-26-BBC-04 |
| DEEDRA A. ULRY | **Defendant's Attorney:** David A. Geier |

The defendant, Deedra A. Ulry, pleaded guilty to count 1 of the indictment.

Count 5 of the indictment is dismissed on the motion of the United States.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. §§ 371 & 2 | Conspiracy to Steal and to Possess United States Mail (Aiding and Abetting), a Class D felony | November 24, 2009 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

**Defendant's Date of Birth:** ▮, 1988

**Defendant's USM No.:** 07026-090

**Defendant's Residence Address:** ▮
Chippewa Falls, WI 54729

**Defendant's Mailing Address:** ▮
Chippewa Falls, WI 54729

August 2, 2010
Date of Imposition of Judgment

/s/ Barbara B. Crabb

Barbara B. Crabb
District Judge

August 3, 2010
Date Signed:

# PROBATION

As to count one of the indictment, it is adjudged that defendant is placed on probation for a period of three years.

While on probation, defendant shall not commit another federal, state, or local crime.

While on probation, defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm or destructive device while on probation.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard conditions that have been adopted by this court (set forth on the next page).

In light of the nature of the offense and defendant's history and characteristics, I am adopting the five special conditions recommended in the supervision plan as outlined in the presentence report.

Although this offense is not drug related, mandatory drug testing as set forth at 18 U.S.C. § 3563(a)(5) is not waived. Defendant shall submit to one drug test within 15 days of her placement on probation and at least 18 periodic tests thereafter.

As special conditions, defendant is to:

(1) Register with local law enforcement agencies and the state attorney general, as directed by the supervising U.S. probation officer;

(2) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns;

(3) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. probation officer;

(4) Submit her person, property, residence, office or vehicle to a search conducted by a U. S. probation officer at a reasonable time and in a reasonable manner whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises he is occupying may be subject to searches pursuant to this condition; and

(5) Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. probation officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. probation officer. Defendant shall take any medications prescribed by a licensed medical provider.

# STANDARD CONDITIONS OF SUPERVISION

1) Defendant shall not leave the judicial district without the permission of the court or probation officer;

2) Defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) Defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) Defendant shall support his or her dependents and meet other family responsibilities;

5) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances except as prescribed by a physician;

8) Defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) Defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) Defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm defendant's compliance with such notification requirement.

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 1 | $100.00 | $0.00 | $23,445.00 |
| **Total** | $100.00 | $0.00 | $23,445.00 |

It is adjudged that defendant is to pay a $100 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

Defendant has neither the means nor earning potential to pay a fine under § 5E1.2(c) without impairing her ability to support herself and pay restitution.

# RESTITUTION

Under 18 U.S.C. § 3663, defendant is ordered to pay $23,445 in restitution, which is payable to the Clerk of Court for the Western District of Wisconsin to be disbursed as follows:

Woot, Inc.     $1,152.43
Carrollton, TX 75007

U.S. Mint     $12,152.57
Attn. Ms. Rena Narce-Carroll
Washington DC 20220

Kohl's Department Stores     $10,140.00
Attn. Chris Teske
Menomonee Falls, WI 53031

Under 18 U.S.C. § 3563(a)(6), defendant is to begin making nominal restitution payments of a minimum of $100 each month within 30 days. Defendant's restitution obligation is joint and several with that of Michael Dayton and William Lund. No interest is to accrue on any unpaid portion of the restitution obligation.

# SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
- (1) assessment;
- (2) restitution;
- (3) fine principal;
- (4) cost of prosecution;
- (5) interest;
- (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.